INTERNATIONAL UNION OF ELECTRONIC, ELECTRICAL, SALARIED, MACHINE AND FURNITURE WORKERS, AFL–CIO, et al., Plaintiffs,

v.

HONEYWELL, INC., Defendant.

Civ. A. No. 93–4090.

United States District Court, E.D. Pennsylvania.

Dec. 17, 1993.

Wayne Wynn, Willig, Williams & Davidson, Philadelphia, PA, Robert Friedman, Washington, DC, for plaintiffs.

Richard G. Rosenblatt, Morgan, Lewis & Bockius, Philadelphia, PA, for defendant.

### MEMORANDUM–ORDER

ROBRENO, District Judge.

AND NOW, this 17th day of December, 1993, upon consideration of the Joint Stipulation of Facts (Document No. 10),[1] Plaintiffs' Memorandum of Law (Document No. 12), Defendant's Memorandum of Law in Support of Dismissal of Plaintiffs' Complaint to Compel Arbitration (Document No. 11), Plaintiffs' Reply Memorandum (Document No. 13), and Defendant's Reply Memorandum (Document No. 14), the Court hereby enters the following findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a):

#### A. *Findings of Fact*

1. Defendant and Plaintiffs entered into a collective bargaining agreement (the "Collective Bargaining Agreement") effective June 4, 1987 (Exhibit A to Plaintiffs' Complaint). (Joint Stipulation of Facts ¶ 2). The Collective Bargaining Agreement was extended on a number of occasions, the last extension agreement being entered into on June 20, 1991. The Collective Bargaining Agreement, as extended, expired on April 1, 1992. (Joint Stipulation of Facts ¶ 2).

2. In grievance no. 92013, Plaintiffs contend that Defendant violated Article V, Section 7 of the Collective Bargaining Agreement by laying off grievant Fred Camp, who Plaintiffs contend was entitled to protection from layoff based on his status as a union officer in office at the time of layoff. Grievant Camp's layoff took place on April 29, 1992, *after* the expiration of the Collective Bargaining Agreement. (Joint Stipulation of Facts ¶¶ 14–15).

3. In grievance no. 92014, Plaintiffs contend that Defendant violated Article V, Section 7 of the Collective Bargaining Agreement by laying off grievant Michael McAneny, who Plaintiffs contend was entitled to protection from layoff based on his status as a shop steward in office at the time of layoff. Grievant McAneny's layoff took place on April 29, 1992, *after* the expiration of the Collective Bargaining Agreement. (Joint Stipulation of Facts ¶¶ 14–15).

4. In grievance no. 92015, Plaintiffs contend that Defendant violated Article I, Section 2 of the Collective Bargaining Agreement by refusing to pay grievant James Riley for time he claims to have spent investigating grievances as a member of the Union Negotiating Committee.[2] Grievant Riley's claim involves time spent investigating grievances in such capacity after May 1, 1992, and, therefore, *after* the expiration of the Collective Bargaining Agreement. (Joint Stipulation of Facts ¶¶ 19–21).

5. Plaintiffs have requested arbitration of grievance nos. 92013, 92014, and 92015 (the "Grievances"). Defendant has refused to arbitrate the Grievances, claiming that they are not substantively arbitrable.

#### B. *Conclusions of Law*

1. The Court has jurisdiction to hear this case pursuant to 29 U.S.C. § 185.

2. The question of whether the parties have agreed to arbitrate a particular dispute is to be decided by the Court unless the parties have clearly and unmistakably provided otherwise. *AT & T Technologies,*

---

1. The parties by agreement submitted the case to the Court upon a stipulation of facts in lieu of trial.

2. Grievant Riley's status as a member of the Union Negotiating Committee was, in turn, premised upon his status as a union officer. (Joint Stipulation of Facts ¶ 6).

*Inc. v. Communications Workers of Am.*, 475 U.S. 643, 649, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986).

 3. " '[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.' " *Id.* at 648, 106 S.Ct. at 1418 (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960)).

4. The obligations of the parties under the terms of a collective bargaining agreement "will cease, in the ordinary course, upon termination of the [collective] bargaining agreement." *Litton Fin. Printing Div. v. NLRB*, 500 U.S. 190, ——, 111 S.Ct. 2215, 2226, 115 L.Ed.2d 177 (1991).

5. None of the Grievances arose under the Collective Bargaining Agreement because none involves facts and occurrences arising before the Collective Bargaining Agreement's expiration, because none of the contractual rights asserted in the Grievances accrued or vested under the Collective Bargaining Agreement, and because none of these contractual rights carried over as continuing obligations after expiration. *See Litton*, 500 U.S. at ——, 111 S.Ct. at 2225.

6. Therefore, none of the Grievances is substantively arbitrable,[3] *see id.* at ——, 111 S.Ct. at 2222–27, and Defendant is not required to submit any of them to arbitration.

AND IT IS SO ORDERED.

---

**3.** Plaintiff contends that, at some point during the processing of the Grievances through the initial steps of the grievance procedure under the Collective Bargaining Agreement, Defendant failed to raise the claim that, because the Collective Bargaining Agreement had expired, the Grievances were not arbitrable. Nothing in the Joint Stipulation of Facts, however, supports this argument. Even assuming, however, that this argument is factually supported by the record that was jointly submitted to the Court, the Court disagrees that the proof shows clearly and unmistakably that Defendant waived its right to have the Court determine the arbitrability of the Grievances. *See AT & T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. at 649, 106 S.Ct. at 1418 (party may not be forced to submit to arbitration an issue it has not agreed to so submit).